IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE:<br>JAMES MICHAEL LITTLE<br>    Debtor | Case No. 1:23-bk-02273-HWV |
| Freedom Mortgage Corporation,<br>    Movant | Chapter 13 |
| vs.<br>JAMES MICHAEL LITTLE<br>    Respondent | 11 U.S.C. §362 |

### IMPORTANT NOTICE

Freedom Mortgage Corporation (Freedom) is firmly committed to helping its borrowers who are experiencing a hardship. Depending on the circumstances of your case, Freedom may be amenable to consensual resolution of this matter, with Court approval. If you (or, if applicable, any co-debtors) have experienced a hardship, please contact us (or have your counsel contact us, if you are represented) promptly to discuss possible options.

### MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by JAMES MICHAEL LITTLE.

1. Movant is Freedom Mortgage Corporation.

2. Debtor, JAMES MICHAEL LITTLE, is the owner of the premises located at 120 S LANDVALE ST, York Haven, Pennsylvania 17370 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note results in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the Mortgage due to Debtor's failure to make payments required thereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of December 10, 2024:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 13 | November 1, 2023 | November 1, 2024 | $1,106.43 | $14,383.59 |
| 1 | December 1, 2024 | December 1, 2024 | $1,270.45 | $1,270.45 |
| | | | Less partial payments (suspense balance): | ($0.00) |
| | | | **Total:** | **$15,654.04** |

8. A post-petition payment history is attached hereto as Exhibit A.

9. The next payment is due on or before January 1, 2025 in the amount of $1,270.45. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

10. Upon information and belief, the payoff amount as of December 10, 2024 is $191,729.37.

11. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

12. Movant specifically requests permission from the Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

13. Rule 4001 (a)(3) should not be applicable and Movant should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

14. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure

3002.1 be waived.

      **WHEREFORE**, Movant respectfully requests that this Court enter an Order;

      a.      Modifying the Automatic Stay under Section 362 with respect to 120 S LANDVALE ST, York Haven, Pennsylvania 17370 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

      b.      Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

      c.      That the Trustee cease making any further distributions to the Creditor; and

      d.      Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

      e.      Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

  f.  Granting any other relief that this Court deems equitable and just.

This December 26, 2024.

                */s/Mario Hanyon*
                Andrew Spivack, PA Bar No. 84439
                Matthew Fissel, PA Bar No. 314567
                Mario Hanyon, PA Bar No. 203993
                Ryan Starks, PA Bar No. 330002
                Jay Jones, PA Bar No. 86657
                Attorney for Creditor
                BROCK & SCOTT, PLLC
                3825 Forrestgate Drive
                Winston Salem, NC 27103
                Telephone: (844) 856-6646
                Facsimile: (704) 369-0760
                E-Mail: PABKR@brockandscott.com